Case 4:22-cv-03687   Document 11   Filed on 01/05/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY JACKSON, TDCJ #01989547, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-22-03687 |
| STATE OF TEXAS, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

On October 26, 2022, the Court sent state inmate Roy Jackson (TDCJ #01989547) a Notice of Deficient Pleading notifying him that he must pay the $402.00 filing fee or submit a motion for leave to proceed *in forma pauperis* with a copy of his inmate trust fund account statement. Instead of complying with the filing fee requirement under the Prison Litigation Reform Act (PLRA), Jackson submitted a motion to amend his complaint, expressing that he is "tr[y]ing to take the P.L.R.A. out of my case" and stating that he "is going after the people who are at the [M]ontgomery [C]ounty jail house that are using the officers at the prison." Doc. No. 4 at 1. He has subsequently stated that "plaintiff does not & will not give any permission to take any money off his prison account." Doc. No. 8.

Jackson is a state inmate currently in custody of the Texas Department of Criminal Justice at the McConnell Unit. Therefore, he is a "prisoner" under the PLRA. *See* 28 U.S.C. § 1915(h) (defining the tern "prisoner" to mean "any person incarcerated or

detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"). As a prisoner filing a civil action and seeking to do so without the prepayment of a filing fee, he is required to provide his inmate trust fund statement and to cooperate with the collection of the filing fee under the PLRA. 28 U.S.C. § 1915(a)(2), (b)(1). This case is subject to dismissal for refusal to provide his inmate trust fund statement and consent to a collection order as explained above.

Further, Jackson has previously sued Montgomery County jail personnel in several other cases, and those claims have been dismissed. *See Jackson v. Schilhab, et al.*, Civ. A. No. H-21-3531 (S.D. Tex. Jan. 20, 2022) (dismissing the claims against Montgomery County officials and "John Doe Conroe Officer" as barred by *Heck v. Humphrey*, 114 S. Ct. 2364 (1994), and transferring other claims to the proper venue); *Jackson v. Samaniego*, Civ. A. No. H-22-1322 (S.D. Tex. May 4, 2022) (dismissing claims against "an unknown police officer in Conroe, Texas" as raising "no constitutional violation under section 1983 by complaining that the unnamed officer 'influenced' his appeals or 'fabricated evidence' of a non-specific nature," and transferring other claims to the proper venue); and *Jackson v. Lumpkin*, Civ. A. No. H-22-2300 (S.D. Tex. Oct. 5, 2022) (dismissing the same repetitive claims regarding the "fabrication of evidence" and "interference with his appeal" that he raised in *Schilhab*). Because Jackson raises the same or similar claims regarding the "fabrication of evidence" and "interference with his appeal" that he raised in those other cases, this case is duplicative and is subject to dismissal as "malicious" for purposes of the

PLRA. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam); *see also Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*). Accordingly, the complaint will be dismissed as legally frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B).

In addition, Jackson was previously warned that "**further repetitive, baseless pleadings may result in sanctions, including monetary sanctions or the referral of his conduct to the TDCJ Office of General Counsel for consideration of the loss of good time under Texas Government Code § 498.0045.**" *Jackson v. Lumpkin*, Civ. A. No. H-22-2300, at Doc. No. 6 at 4 (emphasis in original).

Therefore, the Court **ORDERS** as follows:

1. This case is **DISMISSED WITH PREJUDICE** as malicious and frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).
2. All other pending motions, if any, are **DENIED**.
3. **This dismissal counts as a strike for the purposes of 28 U.S.C. § 1915(g).**
4. **Plaintiff is WARNED that he may be subject to sanctions, including monetary penalties, if he files another repetitive frivolous lawsuit asserting these same claims in federal court.**

The Clerk will provide a copy of this order to (1) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov; and (2) to the Office of General Counsel for the Texas Department of Criminal Justice, General Counsel Kristen Worman, P.O. Box 4004, Huntsville, Texas, 77342, to apprise that office of the

repeated baseless claims that Jackson is asserting in federal court. *See* TEX. GOV'T CODE § 498.0045.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this \_\_\_5th\_\_\_ day of January 2022.

                                              ANDREW S. HANEN
                                   UNITED STATES DISTRICT JUDGE